Malinka Moye
40. 42. Parsons Street
San Francisco, CA 94118

CV08-02126 SBA

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
1301 CLAY ST., SUITE 400S
OAKLAND, CA 94612-5212

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

FILED
MAY - 6 2008
RICHARD W. WIEKING
U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA
OAKLAND

NIXIE    941    SE    1    30 05/05/08
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 94612521299    *0405-04592-01-43

ORIGINAL FILED

APR 3 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

MALINKA MOYE,

    Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO AUTO RETURN,

    Defendant.

No. C 08-02126 SBA

ORDER

[Docket Nos. 3-4]

## REQUEST BEFORE THE COURT

Before the Court is *pro per* plaintiff's Application to Proceed *in Forma Pauperis* (the "Application") [Docket No. 3] and his MOTION to Relate Cases [Docket No. 4]. For the reasons discussed below, the Court DENIES without prejudice the Application and the Motion.

## BACKGROUND

On April 24, 2008, plaintiff *pro per* sued defendant City and County of San Francisco Auto Return. *See* Docket No. 1. Plaintiff's complaint simply states, "[i]ntentional violation of plaintiff [sic] civil rights. Prevention of Equal Access to Justice Act. Car stolen. RICO Act." *See id.* at 2. In his Complaint, plaintiff provided no other allegations to support these claims. The same day he filed his Complaint, he filed his Application.

In addition, on this same day, he filed his Motion. The Motion states at an unspecified date, plaintiff:

> will & hereby does move court for judgement. Attorney General to file criminal charges. Against each. Employee. Under employment of City and county of San Francisco. Who aided in false imprisonment of Plaintiff. Unsuccessful murder attempt upon Plaintiff. Employees of Auto-Return who illegally impounded plaintff's [sic] vehicle and may have sold. ILLEGALLY. People who aided in ILLEGALL [sic] sale of plainitff's [sic] families residence. TWICE.

Motion at 1:21-27.

It continues:

> This motion is brought on the following grounds. Employees under City and County of San Francisco obstructed justice. Office of the District Attorney falsely imprisoned plaintiff numerous times. Allowed plaintiff's attempted murder attackers to flee jurisdiction without charge. Allowed attempted murder attackers [sic] to sale [sic] plaintiff's famly [sic] home ilegally [sic]. With full knowledge prior to sale. Office of the District Attorney. Allowed plaintiff [sic] son to be physically abused with prosecution. Office of the District Attorney allowed an illegal transfer of plaintff's [sic] other family residence, without prosecution. Office of the District attorney. Set plaintiff up for false drug possession charge MALICIOUS PROSECUTION. Auto-return false impounded plaintiffs vehicle & may have possible made an intentional ILLEGAL VEHICLE TRANSACTION. Violating civil rights act. RICO ACT. EQUAL ACCESS TO JUSTICE ACT.

Motion at 2:5-13.

## LEGAL STANDARD

### I. Demonstrating *In Forma Pauperis* Status

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960). An affidavit is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with

the necessities of life. *Adkins*, 335 U.S. at 339.

## II.     Claims Review under 28 U.S.C. § 1915

Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim"). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992). But if a plaintiff's complaint is found deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend. *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

## ANALYSIS

The Court has reviewed plaintiff's Complaint, in conjunction with his Motion, and find they do not state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). While Federal Rule of Civil Procedure 8 only requires, "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2); *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), a party must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007); *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (a complaint must sufficiently establish

1  a basis for judgment). Here, plaintiff has failed to provide any notice to defendant as to what are the
2  bases for his claims.
3      Further, to the extent plaintiff's RICO claims turn on allegations of fraud, plaintiff must meet
4  the higher pleading standards of "particularity," imposed by Federal Rule of Civil Procedure 9(b).
5  Fed. R. Civ. P. 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000); *see*
6  *Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir. 2007). Because, however, plaintiff may be
7  able to cure his pleading defects by amendment, the Court will grant him 30 days leave to amend.
8      Even if plaintiff had stated a claim upon which relief could be granted, however, the Court
9  could not grant his Application. The Court notes it is difficult to read and illogical. *See* Docket
10 No. 3. Plaintiff alleged he has a monthly income of $750,000 per month, no expenses, yet receives
11 Supplemental Security Income ("SSI") from the Social Security Administration. *See id.* The Court
12 could not approve such an Application. Because, however, plaintiff may be able to cure these defect
13 by amendment, the Court will grant plaintiff 30 days leave to amend.
14 **If, however, plaintiff fails to file an Amended Complaint and a new Application, within**
15 **30 days of the date of this Order, the Court will dismiss this matter without prejudice, for**
16 **failure to prosecute.**
17     With regards to plaintiffs' Motion, plaintiff did not request the Court to relate any cases. The
18 Court thus denies it without prejudice.

## CONCLUSION

20     For the foregoing reasons, the Court DENIES without prejudice plaintiff's Application to
21 Proceed *in Forma Pauperis* [Docket No. 3]. Likewise, the Court DISMISSES plaintiff's Complaint
22 [Docket No. 1]. Plaintiff has 30 days from the date of this Order to filed an Amended Complaint and
23 file a new Application. **If, however, plaintiff fails to file an Amended Complaint and a new**
24 **Application, within 30 days of the date of this Order, the Court will dismiss this matter**
25 ///
26 ///
27 ///
28 ///

4

**without prejudice, for failure to prosecute.** Lastly, the Court DENIES without prejudice plaintiff's Motion to Relate Cases. [Docket No. 4].

IT IS SO ORDERED.

April 30, 2008

                                              _____
                                              Saundra Brown Armstrong
                                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINKA MOYE, | Case Number: CV08-02126 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malinka Moye
40. 42. Parsons Street
San Francisco, CA 94118

Dated: April 30, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

6